## STONE *v.* ALDRICH.

One of two joint owners of personal property may maintain an action of assumpsit against the other to recover his just share of the same, or its proceeds, though one of two partners can not.

Such action will lie for a share of property conveyed to one for the benefit of both. The form of the writing creates no estoppel against such claim.

It is a sufficient description of the property claimed, to say " certain choses in action, to wit, demands of S. & W. against divers persons to the amount of $1000, conveyed to them by said S. & W."

An auditor's report is merely *primâ facie* evidence, and the auditor may be permitted to testify that from the course of the trial before him it did not become necessary to consider, and he therefore did not decide, the question raised before the jury.

IN ASSUMPSIT. The declaration set forth that on, &c., the plaintiff and the defendants were joint owners of certain goods and chattels (particularly enumerated), and of an account or demand in favor of Stone & Woodcock against Parker & Lane, for $688.66, and of certain other choses in action, to wit, demands of said Stone & Woodcock against divers persons, to the amount of $1000, conveyed to them by said Stone & Woodcock; that the defendants, as joint owners, had the care and management of the same, and received the same and the proceeds thereof, to the value of $8000, and in consideration thereof promised to account and pay and deliver to the plaintiff his just share of the same, to wit, $3500 on demand; and the said goods, &c., not having been accounted for, the defendants, though on, &c., requested, have not accounted for, paid, or divided, &c.

Upon the trial on the general issue, the plaintiff's evidence tended to prove that the parties were sureties on different notes of Stone & Woodcock, who were in failing circumstances. At a meeting of these parties and of Stone & Woodcock, on the 26th of June, 1857, it was agreed, among other things, that Stone & Woodcock should mortgage to the plaintiff and the defendants the personal property mentioned in the writ, and the books of account and claims of Stone & Woodcock, to secure the payment of the debts for which they were sureties, and to be applied in discharge of the same in a mode specified. Woodcock proposed there should be but one mortgage to the sureties. The attorney, by whom the writings were made, suggested that it could not conveniently be done so, but that it would be all the same, if separate mortgages were made, and the parties acquiesced, and separate mortgages were made of the goods and chattels, executed at the same time, without any designation of priority, and designed to convey to the parties a joint interest, though the mortgage to the defendants was first recorded; that in the hurry of the transaction the assignment of the books and claims, which was under seal, was made to the defendants alone, though it was agreed and intended to be for the joint benefit of the plaintiff and defendants.

These agreements were denied by the defendants, and their evidence tended to prove that the mortgages were made separately, because the defendants were agreed and intended to be first secured upon the property, and the mortgage to them was first made, signed,

and sworn to, and first recorded, according to the agreement and understanding of the parties, and the mortgage to the plaintiff was intended to be subject to theirs. And they alleged that the assignment of the accounts and claims of Stone & Woodcock was made to them for their sole benefit, and it was not agreed nor understood that the plaintiff should have any interest in them. These were the main points in dispute upon the trial.

The plaintiff offered evidence tending to show that beside the accounts of Parker & Lane, the defendants had collected accounts of other persons. The defendants objected, because these claims were not sufficiently specified in the writ; but the court overruled the objection, and the defendants excepted.

The action had been referred to an auditor, and his report, disallowing the whole claim of the plaintiff, was offered in evidence by the defendants. The plaintiff offered the testimony of the auditor, that he did not consider the question whether the mortgages to the plaintiff and to the defendants were one prior to the other, or both on an equality, as fully as he should if he had not taken the view he did of other parts of the case, and that he did not determine that question. To this evidence the defendants objected, but the court overruled the objection, and the defendants excepted.

The court, in the charge to the jury, left it to them to find the plaintiff jointly entitled with the defendants to the proceeds of the choses in action assigned to the defendants, if they found that was the intention and agreement of the parties, and held that the action could be maintained if supported by the evidence.

The jury having found a verdict for the plaintiff, the defendants moved for a new trial by reason of said charge and exceptions.

BELL, C. J. It must be understood, from the finding of the jury, that the mortgages were intended to be one transaction, and to vest the property in these parties for their indemnity in proportion to their liabilities, and the parties are to be deemed jointly interested in the mortgaged property. It is then urged that the same reasons which, under our statute, have been held to forbid the maintenance of an action of assumpsit between partners, apply with equal force in the case of joint tenants. But we think there are decisive differences between them. In the case of partners, neither is entitled to any share of the partnership property or its proceeds, until the affairs of the firm have been closed and adjusted; and in that case his claim is not to any specific property, or its proceeds, but only to his share of the balance of all the property after the payment of all the debts. A single exception is to be found to this general rule in the case where any particular part of the partnership property has been severed from the rest, and the rights of the parties have been settled by a special agreement as to such property. This we regard as the doctrine of *Perley* v. *Brown*, 12 N. H. 493; *Wright* v. *Cobleigh*, 21 N. H. 342; *Towle* v. *Meserve*, 38 N. H. 5; and *Harris* v. *Harris*, 39 N. H. 45.

The cases of copartners and joint tenants are provided for by the same sections of the statute; but it by no means follows that the

actions must be governed by the same principles, and, so far as we can discover, the considerations which limit the right of action between partners, do not apply to actions between joint owners, and we are unable to imagine any case where the statute could more properly be applied than in this. Personal property was mortgaged to the defendants, and the possession delivered to them for the purpose of its being disposed of, and its proceeds applied to the indemnity of these parties. They were not partners at the time, and they were not constituted partners by the acceptance of the property. They were merely cotenants of the property, and each by virtue of the statute accountable to the other for his just proportion of its proceeds. To deny the application of the statute to this case, and to cases of this class, would be substantially to deny its force in any case, so that we entertain no doubt that the action lies as to the mass of the personal property embraced in the mortgages.

2. It is objected that this action can not be maintained to recover any share of the money collected upon the debts and claims assigned to the defendants, because they were by the written terms assigned to the defendants alone, and that if it could legally be shown that such was the intention, it was never in fact executed, and the plaintiff had no legal interest in such debts. These positions do not seem to us sustainable.

The principle that parol evidence is not admissible to vary or control a written contract, does not apply to the case of third persons. *Woodman* v. *Eastman*, 10 N. H. 359; *Low* v. *Blodgett*, 21 N. H. 121; *Edgerly* v. *Emerson*, 23 N. H. 555; *Forbush* v. *Goodwin*, 25 N. H. 425.

The evidence of the plaintiff tended to prove that the writing was made to carry into effect the understanding of the parties, that the assignment should be for the benefit of both; and the verdict must be regarded as settling that question.

The defendants' counsel cites and relies on *Wright* v. *Cobleigh*, and *Towle* v. *Meserve*, in support of the position that the plaintiff can not recover in this action for any claims not specifically described in his writ. The declaration alleges that the plaintiff and defendants were joint owners of an account or demand in favor of Stone & Woodcock against Parker & Lane, for $688.66, and of certain other choses in action, to wit, demands of said Stone & Woodcock against divers persons, to the amount of $1000, conveyed to them by said Stone & Woodcock. It is to the last mentioned demands that the objection refers. In the first of the cases cited, it was held that a claim for the balance of unsettled partnership accounts could not be supported under the old statute superseded by the revision of 1842, as was held in *Perley* v. *Brown*, 12 N. H. 493; and that under the Revised Statutes not only the demand should be for specific property, but the declaration must be special, setting forth the facts necessary to maintain the action, and not a general count. It seems there is nothing in this case which requires that the declaration should be more special than that used. It is not a general count; the facts required to support the action are set forth; it is only the want of an enumeration of the claims which

is supposed to be wanting. It does not seem the defendants could be misled by the want of a schedule, and such a writ must tend to great prolixity. 1 Ch. Pl. 240.

In *Towle* v. *Meserve*, it was held that an action at law does not lie to compel a partner to account for or pay over the proceeds of specific property belonging to the firm, where there has been no settlement of the affairs of the firm, and no specific settlement and promise to account for those articles. Both these cases are essentially distinguished from the present by the fact that they were cases of partnership, where the law implies a promise to account and pay over a balance only, upon the adjustment of the whole concern. The present is not, and is not set up as a case of partnership, and the principles of the cases referred to do not apply.

3. The auditor's report was general, disallowing the claim; but nothing appears in it showing on what ground it was disallowed. His report is made evidence for the party in whose favor it is; but in the nature of the case it is not, like a verdict and judgment, conclusive. It is at most *primâ facie* evidence, liable to be met by any evidence which might satisfy a jury that the auditor's conclusions were wrong. It is clear from the case of *Folsom* v. *Brown*, 25 N. H. 123, that affidavits of jurors can not be received to show their impressions as to the effect of their finding, or that they intended something different from what their verdict imports; and in *Breck* v. *Blanchard*, 27 N. H. 100, that the affidavits of jurors can not be received to impeach their verdict. And in 1 Greenl. Ev., sec. 249, it is said that courts will not disturb decisions deliberately made by arbitrators, by requiring them to disclose the grounds of their awards, and judges are regarded as privileged from testifying what occurred before them in court.

The cases of awards, verdicts, and judgments, are clearly distinguishable from auditors' reports, in this, that they are conclusive, except when examined in the modes provided by law for their revision; while the report of an auditor is merely *primâ facie* evidence, by which neither the jury nor the parties are bound, beyond the weight to which, on all the evidence, they may seem entitled. And we think it may fairly be inferred from the case of *King* v. *Chase*, 15 N. H. 9, that where, from the general character of the written proceedings, it does not appear what was in controversy in a particular case, and what was decided, parol evidence may be resorted to, to supply the facts. The importance of such a rule in the case of an auditor's report, is made very apparent in this case, where the auditor testified that from the course of the trial before him, it did not become necessary to consider, and he therefore did not decide the point raised before the jury on this trial. As the whole value of the report as evidence on that point depended on this question, it does not seem to us open to any doubt that the evidence was properly admitted.        *Judgment on the verdict.*